pGAIDRY, J.,
concurs and assigns reasons.
I agree with the result herein, mandated on the evidentiary grounds described, but not for the reasons assigned by the trial court. The trial court clearly erred in concluding that the evidence demonstrated that “there was no policy of liability insurance in effect” on the vehicle operated by plaintiff and in deciding the case on the grounds that La. R.S. 32:866 was inapplicable under the facts relating to the vehicle’s status of operation. As no evidence in support of the statute’s affirmative defense was introduced, there was no need to reach the merits of the statute’s applicability to the factual scenario.
I am compelled to concur by reason of dictum in the specially concurring opinion which may result in misinterpretation of the effect of the statute. It is quite true that there is no law which compels a person who does not own a motor vehicle to own or maintain a motor vehicle liability policy. But as the specially concurring opinion concedes, there are statutes which prohibit anyone from operating a motor vehicle which is not covered by liability insurance or alternative security. La. R.S. 32:866 was plainly |.>intended to reinforce the public policy inherent in those statutes by imposing a limited and appropriate limitation upon a permissible tort action by the owner or operator of a “motor vehicle ... not covered by compulsory motor vehicle liability security.” La. R.S. 32:866(B). The statute does not penalize an uninsured owner operator, as suggested in the special concurrence herein. Progressive Insurance Company v. Foster, 97-2985, pp. 8-9 (La.4/23/98), 711 So.2d 675, 682.
I agree that the language of the statute is clear and should be applied accordingly. But the special concurrence fails to consider the statute’s language in its entirety. The Section (A) language quoted must be read with Section (B)’s language in interpreting the statute’s meaning and effect. If plaintiff had no primary motor vehicle liability insurance of his own, or was not covered as an omnibus insured as a permissive operator of a nonowned vehicle, the absence of an express, affirmative duty to buy his own policy is immaterial to application of La. R.S. 32:866.